Eastern District of Kentucky
**FILED**

APR 28 2022

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE**

UNITED STATES OF AMERICA

V.

INDICTMENT NO. 7:22-Cr-007-REW

**CRYSTAL COMPTON, D.O. and
KAYLA LAMBERT**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

1. **CRYSTAL COMPTON, D.O., ("COMPTON")** was a licensed physician practicing in or around Pikeville, Kentucky.

2. **COMPTON** was associated with several medical practices in or around Pikeville, Kentucky, including "Eastern Kentucky Medical Group," "Betsy Layne Primary Care," and "The Good Doctor."

3. **KAYLA LAMBERT** was a Registered Nurse practicing in or around Pikeville, Kentucky. **LAMBERT** worked with **COMPTON** at one or more of **COMPTON's** medical practices.

## BACKGROUND ON CONTROLLED SUBSTANCES

4. The Controlled Substances Act ("CSA") governed the manufacture, distribution, and dispensing of controlled substances in the United States.

5. Under the CSA, the United States Drug Enforcement Administration ("DEA") regulated certain pharmaceutical drugs designated as "controlled substances"

because of their potential for abuse or dependence, their accepted medical use, and their accepted safety for use under medical supervision. *See* 21 U.S.C. § 802(6).

6. The DEA issued registration numbers to qualifying practitioners, including physicians, which permitted them to distribute or dispense Schedule II, III, IV, and V controlled substances consistent with the terms of that registration. 21 U.S.C. § 822.

7. "A prescription for a controlled substance may be issued only by an individual practitioner who is: (1) authorized to prescribe controlled substances by the jurisdiction in which he [or she] is licensed to practice his [or her] profession and (2) either registered or exempted from registration . . . ." 21 C.F.R. § 1306.03.

8. "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner. . . ." 21 C.F.R. § 1306.04(a).

9. Federal law imposed certain requirements governing the manner in which practitioners issued prescriptions for controlled substances. For instance, "[a]ll prescriptions for controlled substances [were required to] be dated as of, and signed on, the day when issued . . . ." 21 C.F.R. § 1306.05(a).

10. A pharmacy could dispense a Schedule II controlled substance "only pursuant to a written prescription signed by the practitioner," except in certain emergency situations. 21 C.F.R. § 1306.11.

11. It was "unlawful for any person knowingly or intentionally . . . to use in the course of the manufacture, distribution, or dispensing of a controlled substance . . . a registration number which is . . . issued to another person." 21 U.S.C. § 843(a)(2).

## COUNT 1
## 21 U.S.C. § 846

12. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

13. Beginning at least in or around July 2017 and continuing through in or about August 2019, the exact dates being unknown, in Pike County, in the Eastern District of Kentucky, and elsewhere,

**CRYSTAL COMPTON, D.O., and**
**KAYLA LAMBERT**

did knowingly and intentionally conspire, confederate, and agree together to unlawfully use a registration number that was issued to another person in the course of distributing a controlled substance in violation of 21 U.S.C. § 843(2), all in violation of 18 U.S.C. § 846.

## COUNTS 2-5
## 21 U.S.C. § 843(2)
## 18 U.S.C. § 2

14. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

15. On or about the dates below, in Pike County and elsewhere, in the Eastern District of Kentucky,

## KAYLA LAMBERT

knowingly and intentionally used a registration number that was issued to another person, S.B., in the course of distributing a controlled substance, or aided and abetted the same, as set forth below:

| Count | Approximate Date | Patient | Drug | Quantity |
|---|---|---|---|---|
| 2. | 01/11/2018 | Crystal Compton | Clonazepam | 60 |
| 3. | 02/22/2018 | Crystal Compton | Clonazepam | 60 |
| 4. | 04/24/2018 | Crystal Compton | Clonazepam | 60 |
| 5. | 06/01/2018 | Crystal Compton | Clonazepam | 60 |

All in violation of 21 U.S.C. § 843(a)(2) and 18 U.S.C. § 2.

## COUNT 6
## 21 U.S.C. § 846

16. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

17. Beginning in or around at least January 2017 and continuing through in or about August 2018, the exact dates being unknown, in Pike County, in the Eastern District of Kentucky, and elsewhere,

## CRYSTAL COMPTON, D.O., and
## KAYLA LAMBERT

did knowingly and intentionally conspire, confederate, and agree together and with others to unlawfully distribute and dispense, through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, quantities of Schedule II controlled substances, including oxycodone,

hydrocodone, and methadone, and Schedule IV controlled substances, including clonazepam and alprazolam, in violation of 21 U.S.C. § 841(a)(1), all in violation of 18 U.S.C. § 846.

## COUNTS 7-14
## 21 U.S.C. § 841(a)(1)
## 18 U.S.C. § 2

16. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

17. On or about the dates listed below, in Pike County, in the Eastern District of Kentucky, and elsewhere,

**CRYSTAL COMPTON, D.O.,**

knowingly and intentionally distributed, or aided and abetted such distribution, through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, the controlled substances set forth below:

| Count | Approximate Date Written | Patient | Drug | Schedule | Quantity |
|---|---|---|---|---|---|
| 7. | 11/27/2017 | K. Lam. | Oxycodone 5MG | II | 180 |
| 8. | 11/27/2017 | K. Lam. | Alprazolam 1MG | IV | 90 |
| 9. | 2/8/2018 | K. Lam. | Oxycodone 30MG | II | 150 |
| 10. | 3/18/2018 | K. Lam. | Oxycodone 30MG | II | 150 |
| 11. | 9/18/2018 | K. Lam. | Oxycodone 30MG | II | 180 |
| 12. | 10/22/2018 | K. Lam. | Oxycodone 30MG | II | 180 |
| 13. | 11/28/2018 | K. Lam. | Oxycodone 30MG | II | 180 |
| 14. | 1/10/2019 | K. Lam. | Oxycodone 30MG | II | 180 |

all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNTS 15-18
## 21 U.S.C. § 841(a)(1)
## 18 U.S.C. § 2

18. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

19. On or about the dates listed below, in Pike County, in the Eastern District of Kentucky, and elsewhere,

**CRYSTAL COMPTON, D.O.,**

knowingly and intentionally distributed, or aided and abetted such distribution, did knowingly and intentionally distribute, through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, the controlled substances set forth below:

| Count | Approximate Date Written | Patient | Drug | Schedule | Quantity |
|---|---|---|---|---|---|
| 15. | 6/26/2017 | Br. Caud. | Oxycodone 30MG | II | 180 |
| 16. | 3/13/2018 | Br. Caud. | Oxycodone 30MG | II | 180 |
| 17. | 3/13/2018 | Br. Caud. | Clonazepam 1MG | IV | 60 |
| 18. | 6/26/2019 | Br. Caud. | Oxycodone 30MG | II | 120 |

all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNTS 19-22
## 21 U.S.C. § 841(a)(1)
## 18 U.S.C. § 2

20. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

21. On or about the dates listed below, in Pike County, in the Eastern District of Kentucky, and elsewhere,

**CRYSTAL COMPTON, D.O.,**

knowingly and intentionally distributed, or aided and abetted such distribution, through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, the controlled substances set forth below:

| Count | Approximate Date Written | Patient | Drug | Schedule | Quantity |
|---|---|---|---|---|---|
| 19. | 12/12/2017 | Br. G. Rob. | Oxycodone 30MG | II | 180 |
| 20. | 12/12/2017 | Br. R. Rob. | Oxycodone 15MG | II | 90 |
| 21. | 6/26/2019 | Br. G. Rob. | Oxycodone 30MG | II | 120 |
| 22. | 6/26/2019 | Br. R. Rob. | Oxycodone 10MG | II | 120 |

all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNTS 23-26
## 21 U.S.C. § 841(a)(1)
## 18 U.S.C. § 2

22. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

23. On or about the dates listed below, in Pike County, in the Eastern District of Kentucky, and elsewhere,

**CRYSTAL COMPTON, D.O.,**

knowingly and intentionally distributed, or aided and abetted such distribution, through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, the controlled substances set forth below:

| Count | Approximate Date Written | Patient | Drug | Schedule | Quantity |
|---|---|---|---|---|---|
| 23. | 3/26/2018 | Je. Ram. | Oxycodone 15MG | II | 180 |

| Count | Approximate Date Written | Patient | Drug | Schedule | Quantity |
|---|---|---|---|---|---|
| 24. | 6/18/2019 | El. Ham. | Oxycodone 10MG | II | 180 |
| 25. | 6/18/2019 | Wi. Mor. | Alprazolam 1MG | IV | 120 |
| 26. | 7/16/2019 | Wi. Mor. | Oxycodone 30MG | II | 180 |

all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNTS 27-38
## 21 U.S.C. § 841(a)(1)
## 18 U.S.C. § 2

24. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

25. On or about the dates listed below, in Pike County, in the Eastern District of Kentucky, and elsewhere,

**CRYSTAL COMPTON, D.O.,**

knowingly and intentionally distributed, or aided and abetted such distribution, through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, the controlled substances set forth below:

| Count | Approximate Date Written | Patient | Drug | Schedule | Quantity |
|---|---|---|---|---|---|
| 27. | 12/1/2017 | J. Mea. | Methadone 10MG | II | 480 |
| 28. | 12/1/2017 | J. Mea. | Oxycodone 30MG | II | 180 |
| 29. | 12/1/2017 | J. Mea. | Clonazepam 1MG | IV | 120 |
| 30. | 12/1/2017 | J. Mea. | Zolpidem Tartrate 10MG | IV | 30 |
| 31. | 1/18/2018 | J. Mea. | Methadone 10MG | II | 240 |
| 32. | 1/18/2018 | J. Mea. | Oxycodone 30MG | II | 240 |
| 33. | 1/18/2018 | J. Mea. | Clonazepam 1MG | IV | 120 |
| 34. | 1/18/2018 | J. Mea. | Carisoprodol 350MG | IV | 90 |
| 35. | 7/5/2018 | J. Mea. | Methadone 10MG | II | 480 |
| 36. | 7/5/2018 | J. Mea. | Oxycodone 30MG | II | 300 |
| 37. | 8/19/2019 | J. Mea. | Methadone 10MG | II | 360 |
| 38. | 8/19/2019 | J. Mea. | Oxycodone 30MG | II | 240 |

all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNTS 39-40
## 21 U.S.C. § 841(a)(1)
## 18 U.S.C. § 2

26. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

27. On or about the dates listed below, in Pike County, in the Eastern District of Kentucky, and elsewhere,

**CRYSTAL COMPTON, D.O.,**

knowingly and intentionally distributed, or aided and abetted such distribution, through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, the controlled substances set forth below:

| Count | Approximate Date Written | Patient | Drug | Schedule | Quantity |
|---|---|---|---|---|---|
| **39.** | 11/15/2018 | K. Slo. | Methadone 10MG | II | 740 |
| **40.** | 11/15/2018 | K. Slo. | Alprazolam 2MG | IV | 180 |

all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNTS 41-45
## 21 U.S.C. § 841(a)(1)
## 18 U.S.C. § 2

28. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

29. On or about the dates listed below, in Pike County, in the Eastern District of Kentucky, and elsewhere,

**CRYSTAL COMPTON, D.O.,**

knowingly and intentionally distributed, or aided and abetted such distribution, through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, the controlled substances set forth below:

| Count | Approximate Date Written | Patient | Drug | Schedule | Quantity |
|---|---|---|---|---|---|
| 41. | 6/22/2017 | K. Bev. | Oxymorphone 10MG | II | 180 |
| 42. | 6/22/2017 | K. Bev. | Hydrocodone 10MG | II | 120 |
| 43. | 3/2/2018 | K. Bev. | Oxycodone 30MG | II | 180 |
| 44. | 3/2/2018 | K. Bev. | Alprazolam | IV | 60 |
| 45. | 8/19/2019 | K. Bev. | Oxycodone 30MG | II | 120 |

all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNTS 46-48
## 21 U.S.C. § 841(a)(1)
## 18 U.S.C. § 2

30. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

31. On or about the dates listed below, in Pike County, in the Eastern District of Kentucky, and elsewhere,

**CRYSTAL COMPTON, D.O.,**

knowingly and intentionally distributed, or aided and abetted such distribution, through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, the controlled substances set forth below:

| Count | Approximate Date Written | Patient | Drug | Schedule | Quantity |
|---|---|---|---|---|---|
| 46. | 08/28/2017 | Sa. Adk. | Oxycodone 10MG | II | 120 |
| 47. | 2/15/2018 | M. Adk. | Oxycodone 30MG | II | 180 |

| Count | Approximate Date Written | Patient | Drug | Schedule | Quantity |
|---|---|---|---|---|---|
| 48. | 9/6/2018 | Sa. Adk. | Oxycodone 30MG | II | 180 |

all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## COUNTS 49-50
## 21 U.S.C. § 841(a)(1)
## 18 U.S.C. § 2

32. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

33. On or about the dates listed below, in Pike County, in the Eastern District of Kentucky, and elsewhere,

**CRYSTAL COMPTON, D.O.,**

knowingly and intentionally distributed, or aided and abetted such distribution, through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice, the controlled substances set forth below:

| Count | Approximate Date Written | Patient | Drug | Schedule | Quantity |
|---|---|---|---|---|---|
| 49. | 7/23/2019 | Pa. Smi. | Oxycodone 30MG | II | 150 |
| 50. | 8/19/2019 | Ap. Smi. | Oxycodone 10MG | II | 90 |

all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## FORFEITURE ALLEGATION
## 21 U.S.C. § 853

1. Upon conviction of the offenses in this Indictment, **CRYSTAL COMPTON** and **KAYLA LAMBERT** shall forfeit to the United States of America, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds they obtained, directly or indirectly, as the result of the aforesaid violations of 21 U.S.C. §§ 841(a)(1) and

846 and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

2. The property to be forfeited includes, but is not limited to, the following:

**LICENSE TO PRACTICE:**

**CRYSTAL COMPTON**'s Kentucky medical license and any rights and privileges associated with the practice of medicine in the Commonwealth of Kentucky.

**KAYLA LAMBERT**'s Kentucky nursing license and any rights and privileges associated with that license in the Commonwealth of Kentucky.

**MONEY JUDGMENT:**

A forfeiture money judgment in the amount of the gross proceeds obtained by the Defendants as a result of the aforesaid violations.

By virtue of the commission of the felony offenses charged in this Indictment, any and all interest **CRYSTAL COMPTON** and **KAYLA LAMBERT** have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853.

3. If any of the property listed above, as a result of any act or omission of the Defendant(s):

(a) Cannot be located upon the exercise of due diligence;

(b) Has been transferred or sold to, or deposited with, a third party;

(c) Has been placed beyond the jurisdiction of the Court;

(d) Has been substantially diminished in value; or

(e) Has been commingled with other property which cannot be divided without difficulty

it is the intent of the United States to seek the forfeiture of any other property in which the defendant has an interest, up to the value of the property and proceeds described above.

A TRUE BILL

FOREPERSON

_____
CARLSTON S. SHIER, IV
UNITED STATES ATTORNEY

## PENALTIES

**COUNTS 1-5:** Not more than 4 years imprisonment, $250,000 fine, and 1 year supervised release.

**COUNTS 6-50:** **Schedule II:**
Not more than 20 years imprisonment, a fine of not more than $1,000,000, and supervised release of at least 3 years.

**Schedule IV:**
Not more than 5 years imprisonment, a fine of not more than $250,000, and supervised release of at least 1 year.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.

**PLUS:** Forfeiture as listed.