UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:22-CR-00007-REW-EBA

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.              RESPONSE TO SECOND MOTION TO CONTINUE

CRYSTAL COMPTON, D.O.
KAYLA LAMBERT                                                                                      DEFENDANTS

\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Crystal Compton moves the Court to continue the trial date in this matter for at least 90 days. [R. 31: Motion.] For the reasons that follow, the United States[1] does not oppose granting the Defendant a reasonable continuance.

The Speedy Trial Act generally "permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial." *Zedner v. United States*, 547 U.S. 489, 498–99 (2006) (citing 18 U.S.C. § 3161(h)(7)). When evaluating whether to grant such a continuance, the Court weighs several factors, including "[w]hether the case is so unusual or so complex, due to . . . the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits

---

[1] The undersigned apologizes to the Court for the tardiness of the filing. The undersigned is currently out of the office on leave and made an error with respect to the response date per the Court's October 14, 2022 Order. [R. 33.]

1

established by this section." 18 U.S.C § 3161(h)(7)(B)(ii). Even in cases which are not "complex," the Court still considers whether a failure to grant a requested continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

Here, defense counsel seeks additional time in order to retain an expert and prepare any associated expert discovery. [R. 31: Motion.] Although the United States is not privy to the sealed filing accompanying the Defendant's motion, the United States agrees that the defense should be afforded a fair opportunity to retain an expert given the subject matter of the case. As such, the government does not object to the Court providing the Defendant a reasonable continuance under 18 U.S.C. § 3161(h)(7). The United States notes that it disclosed its expert report on June 16, 2022, so any continuance should account for the amount of time already provided to the defense to prepare. The United States will stand ready to discuss the trial schedule[2] at a scheduling conference or in a subsequent pleading if the Court so desires.

             Respectfully submitted,

             CARLTON S. SHIER, IV
             UNITED STATES ATTORNEY

      By: s/ Andrew E. Smith
         Assistant United States Attorney
         260 W. Vine Street, Suite 300
         Lexington, Kentucky 40507-1612
         (859) 685-4849
         andrew.e.smith@usdoj.gov

---

[2] For the Court's reference, the undersigned currently has a lengthy trial scheduled to begin on January 17, 2023.

## CERTIFICATE OF SERVICE

On October 19, 2022, I electronically filed this document through the CM/ECF system, which will send notice to counsel of record.

/s/ Andrew E. Smith
Assistant United States Attorney
